

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

August 27, 2025

John Robb
Sali Robb LLC
1000 SW Broadway, Suite 2150
Portland, OR 97205

  Re: *United States v. Jeremy Hummel*
     Case Number: 3:25-cr-00305-AN
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the information, depredation of government property (less than $1,000), in violation of 18 U.S.C. § 1361.

3. **Penalties**: The maximum sentence is one year imprisonment, a fine of $100,000, one year of supervised release, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

  First, the defendant injured or committed a depredation against property;

John Robb
Re: Jeremy Hummel Plea Agreement Letter
Page 2
August 27, 2025

<u>Second</u>, the property involved was property of the United States or of any department or agency thereof;

<u>Third</u>, the defendant acted willfully.

Defendant admits the elements of the offense alleged in Count 1 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On the night of July 4, 2025, a crowd of people gathered outside the Immigration and Customs Enforcement building in Portland, Oregon. Around 8:41pm, an individual walked up the front driveway of the ICE building and spray-painted the plywood wall of the ICE facility, next to the key card reader. Officers subsequently detained that individual and identified him as the defendant, Jeremy Hummel.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The parties agree that defendant's base offense level is likely 6, pursuant to USSG § 2B1.1(a)(2).

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.      **Anticipated Guideline Calculations:** The parties agree that the following guideline calculations likely apply. Defendant understands that this is an estimate only, and that the final guideline calculations will be determined by the Court.

| Guidelines Provision | Levels |
| --- | --- |
| Base Offense Level [USSG § 2B1.1(a)(2)] | 6 |

John Robb
Re: Jeremy Hummel Plea Agreement Letter
Page 3
August 27, 2025

| Acceptance of Responsibility [USSG § 3E1.1] | -2 |
| --- | --- |
| **Total Offense Level** | 4 |

10. **Zero-Point Offender – No Agreement:** The parties have no agreement as to whether the Zero-Point Offender Reduction, USSG §4C1.1, applies in this case.

11. **Joint Sentencing Recommendation:**

   A. The parties agree to jointly recommend a sentence of **six months' probation, 15 hours of community service at an organization approved by the U.S. Probation Office, and a $25 special assessment.**

   B. During the term of probation, defendant must not be present within the following geographic area surrounding the Immigration and Customs Enforcement (ICE) Building in Portland, Oregon, defined as the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger Boulevard to the West; and the Willamette River to the East. This restriction does not apply to uninterrupted travel on Interstate 5, Barbur Boulevard, or Terwilliger Boulevard.

12. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

John Robb
Re: Jeremy Hummel Plea Agreement Letter
Page 4
August 27, 2025

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/Cassady A. Adams
CASSADY A. ADAMS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11/18/25
Date

JEREMY HUMMEL
Defendant

John Robb
Re: Jeremy Hummel Plea Agreement Letter
Page 5
August 27, 2025

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_11/18/25_  
Date

_____  
JOHN ROBB  
Attorney for Defendant